UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE CITY OF SOUTH BEND, INDIANA and SOUTH BEND REDEVELOPMENT COMMISSION, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:17-cv-01344-JMS-MJD |
| vs. | ) ) | |
| ILLINOIS UNION INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

**ORDER**

Defendants filed an Amended Notice of Removal on May 10, 2017, alleging that this Court has diversity jurisdiction over this matter. [Filing No. 11.] Subsequently, the Court issued a Marginal Entry indicating that it was satisfied that diversity jurisdiction had been established. [Filing No. 13.] Upon further review of the docket, the Court has determined that the May 11, 2017 Marginal Entry was entered in error and **VACATES** the Entry. [Filing No. 13.] Rather, the Court must review Plaintiffs' Local Rule 81-1 Statement to determine whether diversity jurisdiction exists in this case.

Local Rule 81-1 provides:

Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

Although more than 30 days have passed since the filing of the Amended Notice of Removal, Plaintiffs have not filed a response as required by Local Rule 81-1. The Court **ORDERS** Plaintiffs to comply with Local Rule 81-1 by **June 23, 2017**.

Date: 6/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**